## WILLIAMSON v. CLARK.

### November 4, 1837.

*Rule to show cause why judgment should not be entered against a garnishee in an attachment of execution.*

A. made a general assignment in trust for the benefit of creditors to B., which was not recorded within thirty days, under the act of 24th March, 1818. C. had a judgment against A. and issued an attachment of execution against the proceeds of the property assigned in the hands of the assignee. *Held*, not to be attachable under the 35th section of the act of 16th June, 1836, notwithstanding the assignment was not recorded within thirty days.

THIS was a rule to show cause why judgment should not be entered against John H. Diehl, garnishee, on his answers filed to interrogatories propounded in a proceeding of *attachment-execution* issued under the 35th section of the " act relating to executions" of the 16th June, 1836.

It appeared by the answers of the garnishee, that in October, 1836, the defendant had made to him a special assignment of all his estate for the benefit of creditors—that this assignment had not been recorded till after the lapse of several months from its date, which was after the plaintiff had obtained the judgment against the defendant on which this *attachment* of *execution* had been issued. The assignee had complied with all the other requisitions of the acts of assembly in regard to such assignment, and

had converted the personal estate assigned *into money*, a *balance* of which remained in his hands, and constituted the subject sought to be *attached* by the plaintiff.

*Perkins,* for the plaintiff, after citing the 35th section of the *execution* act, *Purd. Dig.* 371, and Englebert *v.* Blanjot, 2 *Whart. Rep.* 244, contended the assignment for want of due recording being *void*, that the fund in the garnishee's hands was in legal contemplation, a *debt* due by the garnishee to the defendant, and as such the subject of the *attachment-execution.*

*W. Smith,* contra.    1. The proceedings in question are assimilated by the act of assembly to the course pursued in foreign attachment, and according to Walker *v.* Gibbs, 2 *Dallas* 211, the court will not grant summary judgment against a garnishee in foreign attachment unless the indebtedness of the garnishee to the defendant in the attachment is clearly admitted.   Here the garnishee makes no such admission.   On the contrary, he states facts which repudiate any such conclusion.

2. The balance in the hands of the garnishee is not a *debt* due by the garnishee to the defendant.   The assignment notwithstanding the omission of the assignee to record it in proper time, is good between him and the assignor.   The assignor, therefore, holds the fund in his hands, subject to the terms of the assignment, i. e. in trust for the benefit of creditors of the assignor in the manner particularly designated in the deed.

PER CURIAM.—We agree with the counsel of the garnishee, that the term *debt* in the 35th section of the execution act is to be taken in its strict *legal* sense, and even according to the case of Englebert *v.* Blanjot, the deed of assignment was valid between the assignor and assignee.   The assignor, consequently could not claim this fund from the assignee in contravention of this deed. The garnishee owed no debt to the defendant, which could be attached.

Rule discharged.